IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM PATRICK FORD | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:16-cv-1009 |
| | § | |
| ALLIED PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Allied"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the Texas state court action captioned *William Patrick Ford v. Allied Property and Casualty Insurance Company;* In the 71st Judicial District, Harrison County, Texas.  In support of this Notice of Removal, Defendant respectfully shows the following:

## I.
## INTRODUCTION

1.  This first-party insurance lawsuit arises out of a claim for uninsured/underinsured motorist benefits by Plaintiff William Patrick Ford ("Plaintiff") under a business auto policy ("the Policy") issued to Pat Ford DBA Ford Electric Company.  Plaintiff has asserted claims for breach of contract and violation of the Prompt Payment of Claims provisions of the Texas Insurance Code.  Plaintiff's pre-suit demand totaled $300,000, the UIM limits of the applicable insurance policy.  The parties are wholly diverse and the amount in controversy plainly exceeds the federal jurisdictional minimum; accordingly, Allied hereby removes the matter to this Court.

## II.
## ARGUMENT AND AUTHORITIES

2.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of

citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

    **A.**    **Diversity of Parties**

3.    Plaintiff is a resident of Harrison County, Texas.  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.[1]

4.    Allied is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.  Complete diversity exists with respect to Plaintiff and Defendant.

    **B.**    **Amount in Controversy**

5.    Plaintiff's Original Petition fails to comply with Rule 47 of the Texas Rules of Civil Procedure, which requires a plaintiff's initial pleading to include a statement that elects one of a pre-determined set of ranges of damages.  However, in a first-party insurance case, district courts frequently look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit, including punitive damages.[2]

6.    On December 16, 2015, Plaintiff made a pre-suit demand in the amount of $300,000, four times the minimum for federal jurisdiction.[3]  This amount consisted of $24,251.29 in alleged past medical costs, $146,000 in alleged past lost earnings, unspecified future medical costs and lost earnings, and past and future physical pain and mental anguish.[4]  The demand amount alone satisfies the amount in controversy requirement for removal.[5]

---

[1]    Exhibit A, Plaintiff's Original Petition, at ¶ 2.

[2]    *See Villarreal v. State Farm Lloyds*, Civ. No. 7:15-cv-292, 2015 WL 5838876 at *2 (S.D. Tex. Oct. 7, 2015) (Alvarez, J.).

[3]    Exhibit B, Demand Letter, at p. 2.

[4]    Id.

[5]    Plaintiff's petition seeks unspecified penalties and attorneys' fees.  Exhibit A, Plaintiff's Original Petition, at ¶ 20.  These amounts are also included in the amount in controversy.  *See H&D Tire & Automotive-*

## III.
## CONCLUSION

7.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000 exclusive of interest and costs, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

                                                Respectfully submitted,

                                                */s/ Patrick M. Kemp*
                                                Patrick M. Kemp
                                                Texas Bar No. 24043751
                                                pkemp@smsm.com
                                                Robert R. Russell
                                                Texas Bar No. 24056246
                                                rrussell@smsm.com
                                                Segal McCambridge Singer & Mahoney
                                                100 Congress Avenue, Suite 800
                                                Austin, Texas 78701
                                                (512) 476-7834
                                                (512) 476-7832 - Facsimile

                                                **ATTORNEYS FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**

---

*Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested this the 9th day of September, 2016 to:

| | |
|---|---|
| Carl R. Roth | ***7196 9008 9111 1861 6116*** |

Amanda A. Abraham
Todd W. Smith
The Roth Law Firm, P.C.
115 N. Wellington, Suite 200
Marshall, Texas 75670
cr@rothfirm.com
aa@rothfirm.com
ts@rothfirm.com

                                             */s/ Patrick M. Kemp*
                                             Patrick M. Kemp